

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEONG SOON KIM (aka Terri Kim) | ) | Case No. 18-26438-DER |
| and YOUNG PIL KIM (aka Paul Kim), | ) | (Chapter 13) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

The court is presented in this case with a seemingly routine (and often uncontested) request for lien avoidance relief that has met with an unexpected and novel defense—one that it appears may be a matter of first impression.

The debtors assert that a second mortgage on their residence is wholly unsecured and that it should thus be avoided and treated as an unsecured claim pursuant to § 1322(b)(2), § 506(a), and § 506(d) of the Bankruptcy Code. The second mortgage holder asserts that (i) its lien is not wholly unsecured because a portion of the claim of the first mortgage holder is subject to subordination pursuant to § 7-111 of the Real Property Article of the Annotated Code of Maryland, and (ii) its claim thus must be treated as a secured claim under *Nobelman v. American Savings Bank*, 508 U.S. 324 (1993). As explained below, such a defense may have merit, but due process requires that it be resolved only after the extent of the priority of the first mortgage is determined in a proceeding in which the holder of the first mortgage is a party.

This is a contested matter under Rules 3012 and 9014 of the Federal Rules of Bankruptcy Procedure. The court has subject matter jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland. This is a "core proceeding" under 28 U.S.C. § 157(b)(2).

The relevant facts are not in dispute. This case was commenced when the debtors, Jeong Soon Kim and Young Pil Kim (the "Debtors"), filed a voluntary petition on December 14, 2018 (the "Petition Date") in this court under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are the owners of and reside at real property commonly known as 3713 Bonney Bridge Place, Ellicott City, Maryland 21043 (the "Property"). Bayview Loan Servicing, LLC ("Bayview") holds a purchase money deed of trust against the Property dated April 8, 2004 (the "Bayview Deed of Trust") that secures repayment of joint indebtedness of the Debtors in the amount of $255,741.64 as of the Petition Date.[1] Madison Management Services, LLC ("Madison") holds a deed of trust against the Property dated April 8, 2006 (the "Madison Deed of Trust") that secures repayment of joint indebtedness of the Debtors in the amount of $141,323.78 as of the Petition Date.[2]

The Debtors commenced this contested matter by filing their Motion to Avoid Lien on Principal Residence [Docket No. 20] (the "Motion"). Madison thereafter filed its Response to Debtor's Motion to Avoid Lien [Docket No. 29] (the "Response"). Although the Motion was served on Bayview and its counsel, the Debtors sought no relief against Bayview in the Motion and Bayview did not file a response to the Motion. This court held a hearing on the Motion on

---

[1] Claim No. 6-1. According to the exhibits that accompany its proof of claim, the Bayview Deed of Trust held was recorded in the Land Records of Howard County, Maryland on or about April 28, 2004 at Liber 08272, Folio 073. The proof of claim indicates that the principal balance owed by the Debtors to Bayview on the Petition Date was $254,842.46 [Claim No. 6-1. Page 4 of 4].

[2] Claim No. 7-2. According to the exhibits that accompany its proof of claim, the Madison Deed of Trust was recorded in the Land Records of Howard County, Maryland on or about September 5, 2006 at Liber 10219, Folio 531.

May 13, 2019, at which hearing Bayview did not appear. At the hearing the Debtors and Madison stipulated that value of the Property is between $250,000.00 and $254,000.00. That being the case, the Debtors asserted that the lien held by Madison must be avoided as wholly unsecured under § 506 because the amount of Bayview's claim exceeds the value of the Property.

At the hearing, Madison for the first time based its defense on § 7-111, which provides in relevant part:

> If the change or modification to a mortgage or deed of trust or to an obligation secured by the mortgage or deed of trust *increases the principal sum secured by the mortgage or deed of trust above the amount appearing on the face of the mortgage or deed of trust and expressed to be secured by it*:
> (1) The existing lien priority of the original mortgage or deed of trust shall continue as to the principal sum secured by the mortgage or deed of trust immediately preceding the change or modification; and
> (2) *The lien priority for the increase in the principal sum shall date from the date of the changed or modified mortgage or deed of trust.*

Md. Code Ann., Real Prop. § 7-111(b) (emphasis added).[3] Madison bases its § 7-111 defense on a loan modification agreement entered into by Bayview and the Debtors effective as of November 27, 2017 (the "Loan Modification Agreement") that, among other things, provided that the "New Principal Balance" of the indebtedness of the Debtors to Bayview as of that date was $257,566.94.[4] Although the Loan Modification Agreement is attached to Bayview's proof of claim, it is apparently not recorded in the Land Records of Howard County, Maryland.

---

[3] Section 7-111(a) sets forth a general rule that (subject to the terms of § 7-111(b)) a change or modification to a mortgage or deed of trust (or obligations secured thereby) does not extinguish or adversely affect the existing lien priority of a mortgage or deed of trust. Thus, § 7-111(a) generally provides comfort to lenders offering mortgage loan modifications that their lien priority will remain unaffected unless (as may be the case here) the provisions of § 7-111(b) apply.

[4] See, Loan Adjustment Agreement [Claim No. 6-1, Part 2, Page 21 of 29] ("This Loan Modification Agreement … amends and supplements (1) the Deed of Trust (the "Security Instrument") recorded on April 28, 2004 in Howard

The Bayview Deed of Trust recites that it secures the repayment of a promissory note in the amount of $209,000.00 (plus interest and other charges) signed by the Debtors and dated April 8, 2004. Thus, the principal balance owed by the Debtors to Bayview as a result of the Loan Modification Agreement exceeded the principal balance stated on the face of the Bayview Deed of Trust by at least $48,566.94 (that is, $257,566.94 minus $209,000.00). Therefore, Madison argued at the hearing that (i) by reason of § 7-111, the Madison Deed of Trust was now subordinate to no more than $209,000.00 of the indebtedness owed by the Debtors to Bayview, and (ii) since the value of the Property was at least $250,000.00, its claim was not wholly unsecured and the Motion should be denied.[5]

Because Madison raised its defense under § 7-111 for the first time at the hearing, the court directed the parties to submit supplemental memoranda in support of their respective positions. Madison timely filed its Memorandum in Opposition to Movant's Motion to Avoid Lien on June 12, 2019 [Docket No. 38]. The Debtors timely filed their Memorandum on Motion to Avoid Lien on Principal Residence on July 10, 2019 [Docket No. 42]. The parties have not referred the court to, and the court's own research has not identified, any reported decision by a state or federal court considering application of § 7-111.[6] Nevertheless, the memoranda submitted by the parties were helpful to the court's understanding of the issues presented.[7]

---

County, Maryland, Liber 08272 Folio 073 and (2) the Note, bearing the same date as, and secured by the Security Instrument, which covers the real and personal property described in the Security instrument ….").

[5] If § 7-111 is applicable here, the extent to which the Madison Deed of Trust may have priority over the Bayview Deed of Trust is not clear from the record now before the court. Under § 7-111(b)(1), it appears that the first lien priority of the Bayview Deed of Trust may continue after execution of the Loan Modification Agreement, but only "as to the principal sum secured by [the Bayview Deed of Trust] immediately preceding the change or modification." The principal balance owed by the Debtors to Bayview immediately before the November 27, 2017 effective date of the Loan Modification Agreement is not part of the limited record now before the court, but it certainly appears possible that the principal balance was less than $209,000.00 at that time.

[6] The opinion in *Logan v. Citi Mortg., Inc. (In re Schubert)*, 437 B.R. 787 (Bankr. D. Md. 2010), refers to § 7-111 briefly when discussing the issue of equitable subrogation applicable to that case but does not discuss the application of § 7-111 at issue in this case.

[7] The Memorandum in Opposition to Movant's Motion to Avoid Lien refers this court to *Gustavia Home, LLC v. U.S. Bank N.A.,* 2019 Bankr. LEXIS 42 (Bankr. E.D.N.Y. Jan. 8, 2019), *Sperry Assocs. Fed. Credit Union v. U.S.*

The Debtors assert that invocation of § 7-111 to bifurcate the claim secured by the Bayview Deed of Trust into a fully secured one with first lien priority and a likely wholly unsecured one with a third priority subordinate to the Madison Deed of Trust would violate the prohibition on modification of the rights of holders of claims secured by a debtor's principal residence specified by Congress in § 1322(b)(2) of the Bankruptcy Code.  The court does not agree.  If Bayview's claim is subject to such bifurcation, it is not a modification being made by this court pursuant to bankruptcy law.  Rather, such bifurcation would simply be this court's determination of the operation of Maryland law as it applied to the Bayview Deed of Trust when the Loan Modification Agreement was executed—an event that took place more than a year before the Debtors commenced this bankruptcy case.  Simply stated, the relative lien priorities of Bayview's and Madison's claims are property interests that the Supreme Court has said are "created and defined by state law."  *Butner v. United States*, 440 U.S. 48, 55 (1979).

On the other hand, due process considerations preclude this court from resolving this issue in the present posture of this case.  Madison's defense to the Motion is predicated on an assertion to a right to priority over the Bayview Deed of Trust.  However, Bayview is not a party to this contested matter.  The Motion seeks no relief against Bayview.  Likewise, Madison seeks no relief against Bayview in the Response.  Madison's priority rights must be established in a proceeding in which both the Debtors and Bayview are properly served, clearly on notice, and

---

*Bank N.A.*, 514 B.R. 365 (Bankr. E.D.N.Y. 2014), and *Bowling Green Sports Ctr., Inc. v. G.A.G. LLC*, 77 N.E. 3d 728 (Ill. Ct. App. 2017), as well as to the Restatement of Property 3d. Mortgages § 7.3.  While these references are certainly helpful in understanding how other courts have treated this factual situation in the past under common law, they do not address the specific issue of how to treat such liens under the Maryland statute or a comparable statute of a different state.

given an opportunity to be heard on the effect (if any) of § 7-111 on the Bayview Deed of Trust and the lien avoidance relief sought by the Debtors.[8]

Madison asserts lien priority rights against Bayview under § 7-111 that are the essence of its defense to the Motion—rights that thus far have not been adjudicated. But for application of § 7-111, the facts and law would dictate that the court grant the Motion. Thus, the burden is on Madison to act (if it so chooses) to establish its asserted lien priority rights with respect to the Bayview Deed of Trust. Accordingly, the court will enter an order that provides Madison an adequate period of time within which to commence promptly and then conclude a proceeding determining the relative rights Madison, Bayview, and the Debtors. In the alternative, the Debtors and Madison may wish to present a consent order resolving the Motion with the consent of Bayview.

cc:   Davin Van Eyken, Esq
      *Attorney for the Debtors*

      William M. Savage, Esq.
      *Attorney for Madison Management Services, LLC*

      Kathryn E. Smits, Esq.
      *Attorney for Bayview Loan Servicing, LLC*

      Robert S. Thomas, II, Esq.
      *Chapter 13 Trustee*

      Gerard R. Vetter, Esq.
      *Assistant United States Trustee*

**-- END OF MEMORANDUM OPINION --**

---

[8] "An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings: … (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d) …." Fed. R. Bankr. P. 7001(2).